UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DONALD MACK BENNETT,

                     Plaintiff,

        -against-

DR. BAILEY (Medical Director) individual
– Westchester Correction Health Services,
P.A. ROSE DICKINSON, individual –
Westchester Correction Health Services,
WESTCHESTER COUNTY CORRECTION
HEALTH SERVICES INC.,

                  Defendants.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-9-10

07 Civ. 7002 (PKC)

MEMORANDUM
AND ORDER

P. KEVIN CASTEL, District Judge:

           In an action brought pursuant to 42 U.S.C. § 1983, the plaintiff alleges that he

was deprived of his Eighth Amendment rights while in the custody of Westchester County

corrections officials.  He asserts that, while incarcerated, he suffered deliberate medical

indifference amounting to a violation of the Eighth Amendment's prohibition against cruel

and unusual punishment.  The plaintiff also contends that the defendants' actions were

motivated by discriminatory animus.  The defendants move for summary judgment pursuant

to Rule 56, Fed. R. Civ. P., arguing that because the plaintiff failed to administratively

exhaust his claims prior to filing suit, his action is barred by the administrative exhaustion

requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e, et seq. (the "PLRA").[1]

For the reasons explained below, the defendants' motion is granted.

---

[1] Consistent with authority in this District and the Seventh Circuit, factual disputes concerning exhaustion are
properly determined by the Court rather than by a jury. See, e.g., Amadar v. Superintendents of the Dep't of
Correctional Services, 2007 WL 4326747, at *5 n. 7 (S.D.N.Y. Dec. 4, 2007); Pavey v. Conley, 544 F.3d 739,
741-42 (7th Cir.2008) (Posner, J.).  In some instances, such as this one, exhaustion may be resolved on a motion
for summary judgment. See, e.g., Ruggiero v. County of Orange, 467 F.3d 170 (2d Cir. 2006) (affirming grant
of summary judgment for failure to exhaust).

PLAINTIFF'S SUBMISSIONS IN OPPOSITION

Except where expressly noted, the following facts are either undisputed or taken from the plaintiff's version of the facts. All reasonable inferences are drawn in favor of the plaintiff who is, on defendants' motion, the non-movant. See Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986). As required by Local Rule 56.2, the defendants forwarded the appropriate notice to a pro se party opposing a summary judgment motion. The plaintiff has not submitted a Local Rule 56.1 statement in opposition, and instead sets forth his version of the facts in a declaration. Mindful of the special solicitude afforded to a pro se party opposing summary judgment, see Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988), I have reviewed the plaintiff's declaration to identify any dispute of fact relative to the defendants' Rule 56.1 statement. Citation to the defendants' Rule 56.1 statement does not mean that the Court has accepted the assertion, standing alone, as true. Rather, it is the evidence on which I have relied, and I have done so only to the extent that plaintiff does not dispute it.

In addition, I note that the plaintiff indicates that he did not receive this motion until late December 2009. ("Plaintiff Motion of Summary Judgment Reply" ("Pl. Opp") ¶ 1 ("plaintiff was never written by mail to notif[y] plaintiff of summary judgment until receiving in later December.").) Defendants' motion was filed on September 5, 2009. (See Notice of Motion.) There is no dispute, however, that the plaintiff had the time and opportunity to review the defendants' motion, and he has filed a declaration in opposition, including annexed exhibits. (See Pl. Opp.) His contention of delayed receipt of the motion is belied somewhat by earlier letters to the Court that address the motion's merits. In affording special solicitude to the plaintiff, I have reviewed assertions raised in a declaration received in chambers on or

about November 3, 2009, as some of the statements set forth therein relate to issues in the defendants' motion. (See Reply Opposition and Answer to Defendant(s) Letter Statement ("Pl. Letter Opp.").) I also have considered assertions in a letter addressed to the Court and postmarked October 19, 2009 (the "October Letter"), which argues that this motion should be denied.

## BACKGROUND

The Westchester County Correction Health Services Inc. (the "CHS") provides medical care to the inmates of Westchester County's correctional facilities. (56.1 ¶ 6.) The plaintiff contends that while under the care of the CHS, defendant Rose Dickerson denied him effective pain medication. (Compl. at 3; Pl. Letter Opp. ¶ 3.) Dickerson was a nurse practitioner employed by the CHS. (56.1 ¶ 3.) Plaintiff asserts that Dickerson verbally taunted him, erased computer files related to his care, and administered anti-pain medications that caused an allergic reaction. (Pl. Letter Opp. ¶¶ 1-3.) Plaintiff alleges that defendant Dr. Bailey was Dickinson's supervisor. (Compl. at 3.) Generously read, the Complaint alleges that in denying him effective pain medication, the defendants discriminated against the plaintiff on the basis of race and acted with deliberate indifference in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. (Compl. at 3.) The defendants' allegedly unlawful conduct occurred on April 28, April 30, May 6 and May 29, 2007. (56.1 ¶ 1; Compl. at 2-3.)

At the time that the plaintiff was admitted to Westchester County's corrections facilities, the plaintiff was made aware of the facilities' Inmate Grievance Program (the "IGP") for resolving complaints about facility conditions. (56.1 ¶ 2; Jones Dec. Ex. C;

Amicucci Aff. ¶¶ 6, 17.) He signed an acknowledgment of receipt for the "Institutional Rules
$ [sic] Regulations." (Jones Dec. Ex. C.) Plaintiff availed himself of the IGP process on at
least one other occasion, when, in a grievance dated May 29, 2007, he grieved what appeared
to be an allegedly wrongful charge of $33.00 for commissary purchases. (56.1 ¶ 11;
Amicucci Aff. Ex. 3.) It is undisputed that the plaintiff did not undertake IGP proceedings for
his claims in this case. (56.1 ¶ 12; October Letter at 1-2 (explaining failure to grieve).)

In addition to the Eighth Amendment and discrimination claims asserted in the
Complaint, plaintiff's opposition papers assert that the defendants committed "Malpractice
Advertant, Hazardous, Ordinary, Negligence," as well as violations of the Americans with
Disabilities Act. (Pl. Opp. ¶¶ 3-4.)

## SUMMARY JUDGMENT STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and
disclosure materials on file, and any affidavits show that there is no genuine issue as to any
material fact and that the movant is entitled to judgment as a matter of law." Rule 56(c)(2),
Fed. R. Civ. P. It is the initial burden of a movant on a summary judgment motion to come
forward with evidence on each material element of his claim or defense, demonstrating that he
or she is entitled to relief. A fact is material if it "might affect the outcome of the suit under
the governing law . . . ." Anderson, 477 U.S. at 248. The evidence on each material element
must be sufficient to entitle the movant to relief in its favor as a matter of law. Vt. Teddy
Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

When the moving party has met this initial burden and has asserted facts to
demonstrate that the non-moving party's claim cannot be sustained, the opposing party must

"set out specific facts showing a genuine issue for trial," and cannot rest "merely on allegations or denials" of the facts asserted by the movant. Rule 56(e)(2), Fed. R. Civ. P. In raising a triable issue of fact, the non-movant carries only "a limited burden of production," but nevertheless "must 'demonstrate more than some metaphysical doubt as to the material facts,' and come forward with 'specific facts showing that there is a genuine issue for trial.'" Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 84 (2d Cir. 2004) (quoting Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1072 (2d Cir. 1993)).

An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The Court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party." Allen v. Coughlin, 64 F.3d 77, 79 (2d Cir. 1995) (internal quotations and citations omitted); accord Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-88 (1986). In reviewing a motion for summary judgment, the court must scrutinize the record, and grant or deny summary judgment as the record warrants. Rule 56(c)(2), Fed. R. Civ. P. In the absence of any disputed material fact, summary judgment is appropriate. Id.

Mere "conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment." Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996) (citing Matsushita, 475 U.S. at 587); see also Anderson, 477 U.S. at 249-50 (summary judgment may be granted if the evidence is "merely colorable" or "not significantly probative") (citations omitted). An opposing party's facts "must be material and of a substantial nature, not fanciful, frivolous, gauzy, spurious, irrelevant, gossamer inferences,

conjectural, speculative, nor merely suspicions." Contemporary Mission, Inc. v. U.S. Postal
Serv., 648 F.2d 97, 107 n.14 (2d Cir. 1981) (quotation marks omitted).

A pro se party's submissions are to be read liberally, a requirement that is
especially strong in the summary judgment context, where a pro se plaintiff's claims are
subject to a final dismissal. See Graham, 848 F.2d at 344 ("[S]pecial solicitude should be
afforded pro se litigants generally, when confronted with motions for summary judgment.")
However, a party's pro se status does not alter the obligation placed on the party opposing
summary judgment to come forward with evidence demonstrating that there is a genuine
dispute regarding material fact. Miller v. New York City Health & Hosp. Corp., 2004 WL
1907310, *9 (S.D.N.Y. Aug. 25, 2004).


DISCUSSION

The defendants move for summary judgment on the grounds that the plaintiff
failed to exhaust his claims pursuant to the Westchester County IGP, as is required by the
PLRA. Under the PLRA, "[n]o action shall be brought with respect to prison conditions
under section 1983 of this title, or any other Federal law, by a prisoner confined in any . . .
correctional facility until such administrative remedies as are available are exhausted." 42
U.S.C. § 1997e(a). The exhaustion requirement is intended to "promote[ ] efficiency,"
Woodford v. Ngo, 548 U.S. 81, 87 (2006), and to "afford[ ] corrections officials time and
opportunity to address complaints internally before allowing the initiation of a federal case."
Porter v. Nussle, 534 U.S. 516, 525 (2002).

The statute's exhaustion requirement is non-discretionary and absolute.
"There is no question that exhaustion is mandatory under the PLRA and that unexhausted

claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). Court discretion plays no part in the mandatory exhaustion requirement. Woodford, 548 U.S. at 85. The Supreme Court has held that "the benefits of exhaustion . . . include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." Jones v. Bock, 549 U.S. 199, 219 (2007).

In Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004), the Second Circuit fashioned a three-part inquiry to determine whether an inmate has administratively exhausted his claims prior to filing suit, as the PLRA requires. First, a court must determine whether administrative remedies were available to the prisoner; second, the court considers whether defendants have forfeited their affirmative defense of non-exhaustion or are estopped from raising the defense; and third, the court weighs whether special circumstances justify the prisoner's failure to comply with administrative procedural requirements. Id. "The test for deciding whether the ordinary grievance procedures were available must be an objective one: that is, would a similarly situated individual of ordinary firmness have deemed them available." Id. at 688 (internal quotation marks and citation omitted).

Here, in opposition to the motion, the plaintiff argues that defense counsel delayed the litigation and wrongfully engaged in motion practice to defeat his claims. (October Letter at 1.) Plaintiff also contends that he was told by medical officials that filing a grievance "would be a waste of time," that in the plaintiff's own experience, "grievance[s are] always denied," and the "Commission of Correction denies all anyone grievances which leaves a big hole in the justice for detainee and the A.D.A. Acts which suppose to supply and

stand in like an attorney." (October Letter at 1-2.) He has submitted correspondence
reflecting the denial of 2009 grievances. (Pl. Opp. Exs. 2, 3, 5.) Plaintiff also appears to
request relief from the Court concerning actions pending before two other judges in this
District. (October Letter at 1-2.)

            Plaintiff has failed to come forward with admissible evidence excusing his
failure to grieve his claim. The plaintiff contends that unidentified medical officials told him
that pursuing a grievance would be "a waste of time" (October Letter at 1), but such a
statement falls far short of conduct amounting to the denial administrative remedies to a
prisoner. See Ruggiero, 467 F.3d at 178 (prisoner's failure to exhaust is excused only when
"defendants took affirmative action to prevent him from availing himself of grievance
procedures."); Ortiz v. McBride, 380 F.3d 649, 654 (2d Cir. 2004) (to excuse a prisoner's
failure to exhaust, threats from guards must "prevent[]" the plaintiff from filing a grievance or
otherwise render procedures unavailable); see also Ziemba v. Wezner, 366 F.3d 161, 162 (2d
Cir. 2004) (per curiam) (defendant may be estopped from asserting a non-exhaustion defense
if evidence supports plaintiff's claims of beatings, threats, denial of grievance forms and
writing tools). In this instance, the plaintiff's arguments going toward his failure to exhaust
reflect a conscious strategic choice on his part, motivated by what he perceived as a low
probability of success in attaining relief at the conclusion of the IGP process. Such a
conclusion did not render IGP access unavailable, estop the defendants from asserting
exhaustion, or amount to a special circumstance excusing the failure to exhaust. Hemphill,
380 F.3d at 686.

            The defendants' motion for summary judgment is GRANTED. The Clerk is
directed to enter judgment for the defendants. Counsel to the defendants is directed to

provide to the plaintiff printed copies of any unpublished opinion cited in this Memorandum

and Order.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
          April 8, 2010